O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-03554 AHM | Date | May 22, 2009 |
|---|---|---|---|

| Title | YAO-CHUAN TSAI v. ALBERTO GONZALES |
|---|---|

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE |
|---|---|

| Stephen Montes | Not Reported | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

## I.   Defendant's Motion

The Court DENIES Defendant's motion to dismiss the case or alternatively, for summary judgment.[1] Defendant brought that motion after the motion cut-off date, on the ground that new case law established that subject matter jurisdiction was lacking. (The Court had previously held that jurisdiction to adjudicate Plaintiff's Petition For a Hearing was proper under 8 U.S.C. § 1447(b). *See* Order dated Feb. 26, 2007.) Defendant's motion relies on *Abghari v. Gonzales*, 596 F. Supp. 2d 1336 (C.D. Cal. 2009), but that decision does not address district court jurisdiction over naturalization petitions under § 1447(b). Judge Cooper exercised jurisdiction under 8 U.S.C. § 1421(c), because the USCIS had already denied Plaintiff's N-400 application.

## II.   Status of this Case

The parties have filed certain documents in contemplation of a possible trial. Before the Court can determine whether a trial is warranted, and if so how to manage it, the Court ORDERS each of the parties to file separately and simultaneously a "Supplemental Trial Brief" responding to each question that is posed to him as follows. These briefs shall be filed by not later than June 17, 2009.

### A.   Questions to Both Parties

---

[1] Docket No. 41. The Court orders the Clerk to change the case title on the docket to reflect the substitution of Attorney-General Eric H. Holder, for his predecessor, Alberto Gonzales.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-03554 AHM | Date | May 22, 2009 |
|---|---|---|---|
| Title | YAO-CHUAN TSAI v. ALBERTO GONZALES | | |

    1.    Apart from whether Plaintiff satisfied the conditions in his current LPR status, are there *any* disputed facts concerning Plaintiff's naturalization application? If there are, identify the dispute[s] and set forth your factual contentions.

    2.    Do you agree that *Chang v. U.S.*, 327 F.3d 911 (9th Cir. 2003) governs the factors that may be considered if Plaintiff's I-829 petition were decided on the merits? (That is, administrative rules and regulations that were promulgated after Plaintiff filed his I-526 petition may not be applied retroactively.)

    3.    Exhibit A to Plaintiff's Trial Brief is a letter dated February 3, 2009 from USCIS to Plaintiff. In the letter, USCIS states that Plaintiff's I-829 petition would be denied for various reasons if it were actually the subject of a ruling. USCIS also states that it cannot actually deny that petition until various required regulations are promulgated. How did this letter come about? What effect should it be given, if any, in light of its hypothetical underpinning?

    4(a)   Does CIS have a legal obligation to render a decision on the naturalization application of a conditional LPR?

    (b)  If so, does it violate the applicant's due process rights if CIS fails to render such decision?

    (c)  Has CIS ever approved the naturalization application of a conditional LPR whose I-829 petition has not yet been adjudicated? In answering this question, the parties should review the recent record on remand in *Chang v. U.S.*, CV 99-10518-GHK (AJWx). In particular, see Judge King's Order dated March 31, 2009, pages 4-5, and the example involving naturalization applicant Yi Chan Liao cited on page 4.

    5.    Concerning the *Abghari* decision, if Judge Cooper's analysis were applied here, would that not reward inaction or evasiveness on the part of the USCIS? Why should the USCIS not be required to make an <u>actual</u> determination on the merits as to whether the condition[s] imposed upon the granting of the I-526 petition were (or were not) satisfied?

    6.    *Chang v. U.S.*, *supra*, is a putative class action. If a class is certified, would

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-03554 AHM | Date | May 22, 2009 |
|---|---|---|---|
| Title | YAO-CHUAN TSAI v. ALBERTO GONZALES | | |

Plaintiff be, presumptively, a class member? If so, how does that affect his case?

### B.     Questions to Defendant

1.     What are the required regulations that have yet to be promulgated? Will they deal with the substantive standards governing how EB-5 investors' I-829 petitions must be evaluated? What is your best estimate as to when they will be promulgated?

2.     Given that the regulations governing I-829 adjudications apparently have yet to be promulgated, what standards did the USCIS apply in concluding in its February 3, 2009 letter that Plaintiff's I-829 petition would be denied? What, if any, existing standard or authority supports enforcing the following requirements: (i) the requirement that the $300,000 investment be deposited into the enterprise's bank account; (ii) the requirement that petitioner pay off the $200,000 balance on the promissory note.

### C.     Questions to Plaintiff

1.     Why should Judge Pechman's May 9, 2006 order in *Lin v. Gonzales* (Civ. 05-1564, W.D. Wash.) be deemed relevant, given that it resulted from the parties' stipulation and that the plaintiff had passed the applicable tests (unlike here)?

2.     What efforts have you made to obtain an interview and take the Civics/English tests since this Court issued its February 26, 2007 order?

|  | : |
|---|---|
| Initials of Preparer | SMO |