O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-03554 AHM | | Date | July 16, 2009 |
|---|---|---|---|---|

| Title | YAO-CHUAN TSAI v. ERIC HOLDER |
|---|---|

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE |
|---|---|

| Stephen Montes | Not Reported | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:   Attorneys **NOT** Present for Defendants:

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

    Having considered the parties' trial briefs and supplemental briefs, the Court hereby *sua sponte* remands Plaintiff's naturalization application to U.S. Citizenship and Immigration Services ("USCIS") and orders it to complete the adjudication of Plaintiff's application within 60 days of this order. Accordingly, this action is STAYED. The parties shall file a joint status report by not later than September 21, 2009.

    Plaintiff is entitled to a timely adjudication of his naturalization application. That is not disputed. Whether he has fulfilled the requirements for naturalization is the subject of both legal and factual dispute.

    The underlying legal dispute is whether 8 U.S.C. § 1186b(e) permits a conditional lawful permanent resident (LPR) to become a citizen. Judge Cooper has ruled that the condition must first be removed. *Abghari v. Gonzales*, 596 F.Supp.2d 1336, 1348-51 (C.D. Cal. 2009). I am not bound by that decision and take no position on the question. But I will echo an observation that Judge Cooper made: It is regrettable that USCIS has not adjudicated immigrant investors' I-829 petitions to remove the condition for such a long time. Plaintiff's I-829 petition has been pending for over a decade. In light of such inaction and delay, USCIS's argument that the condition on LPR status prevents Plaintiff from becoming eligible for citizenship is disturbing. USCIS's position is also baffling. It appears to have taken an inconsistent position in the putative class action before Judge King (the case that led to *Chang v. U.S.*, 327 F.3d 911 (9th Cir. 2003)). USCIS represented to Judge King in March 2009 that some immigrant investor applications could be granted, depending on the outcome of its individualized evaluation of each

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-03554 AHM | Date | July 16, 2009 |
|---|---|---|---|
| Title | YAO-CHUAN TSAI v. ERIC HOLDER | | |

application.[1]

The factual disputes turn in part on evidence that has yet to be developed, because Plaintiff has not been afforded a full naturalization examination. The disputes include whether Plaintiff has fulfilled the continuous residency and physical presence requirements. Given its expertise, the agency should decide these issues in the first instance. Although the Court has the authority under 8 U.S.C. § 1447(b) to hold a bench trial, the USCIS's commitment to complete the adjudication within 60 days means that Plaintiff will receive a decision sooner from USCIS than from the Court, given the Court's overflowing docket.

Moreover, USCIS should have the first opportunity to interpret and apply its own laws and regulations. As Judge King noted, the naturalization statute at 8 U.S.C. § 1186b(e) is within USCIS's expertise. The continuing uncertainty over the pending I-829 petitions and the apparently inconsistent positions USCIS has taken on Section 1186b(e) in different cases in this District suggest that USCIS does not yet have a uniform approach, magnifying the need for the development of a complete record. For all these reasons, I find that remand with the instruction to complete the adjudication within 60 days is appropriate. *See Fernandez-Ruiz v. Gonzalez*, 466 F.3d 1121, 1133-34 (9th Cir. 2006) (factors favoring application of the ordinary remand rule).

|  | : |
|---|---|
| Initials of Preparer | SMO |

---

[1]*See* Government's Reply In Support of Motion to Dismiss Case at 9-10 (Mar. 9, 2009) in *Kyung Sook Ahn v. United States*, CV 99-10518 (King, J.). In Judge King's case, Plaintiff Yi Chan Liao was naturalized even though the condition on his LPR status had not been removed. *See* Minute Order, Mar. 31, 2009 in *Kyung Sook Ahn v. United States*, CV 99-10518 (King, J.). On June 17, 2009, the Government took the position in this Court that the approval of Liao's naturalization application was an error. USCIS is obviously in disarray.